1  SYDNEY A. MENEES (D.C. Bar No. 1027544)
   sydney.menees@usdoj.gov
2  United States Department of Justice
   Environment & Natural Resources Division
3  Environmental Defense Section
4  601 D Street N.W., Suite 8000
   Washington D.C. 20004
5  Telephone (202) 514-2398
   Facsimile (202) 514-8865
6

7  *Attorney for Defendant*

8
                    **IN THE UNITED STATES DISTRICT COURT**
9                  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11
    CITIZENS FOR PENNSYLVANIA'S
12  FUTURE, *et al.*,                          Case No. 3:19-cv-02004-VC

13              Plaintiffs,                    **DEFENDANT'S ANSWER TO
                                               PLAINTIFFS' COMPLAINT FOR
14         v.                                  DECLARATORY AND INJUNCTIVE
                                               RELIEF**
15
    ANDREW R. WHEELER, in his official
16  capacity as the Administrator of the United
    States Environmental Protection Agency,
17
                Defendant.
18

19

20

21

22

23

24

25

26

27

28

Defendant Andrew R. Wheeler, in his official capacity as the Administrator of the United States Environmental Protection Agency (hereinafter "EPA"), responds to the numbered allegations of the Complaint for Injunctive and Declaratory Relief (the "Complaint") (Dkt. No. 1) filed by Plaintiffs Citizens for Pennsylvania's Future, Gasp, Louisiana Bucket Brigade, and Sierra Club (collectively, "Plaintiffs") as follows:

## INTRODUCTION

1. The allegations set forth in the first sentence of Paragraph 1 constitute Plaintiffs' characterization of this action, to which no response is required. The remaining allegations set forth in Paragraph 1 constitute conclusions of law, to which no response is required. EPA avers that it has not yet undertaken the most recent technology review for 40 C.F.R. Part 63, Subpart L (Coke Oven Batteries) and 40 C.F.R. Part 63, Subpart CCCCC (Coke Ovens: Pushing, Quenching, and Battery Stacks) under 42 U.S.C. § 7412(d)(6). Additionally, EPA avers that it has not undertaken a risk review for Subpart CCCCC under 42 U.S.C. § 7412(f)(2). However, EPA finalized the risk review for Subpart L in 2005 and denies that there is an outstanding obligation to conduct a risk review under 42 U.S.C. § 7412(f)(2) for Subpart L. The risk review for Subpart L was proposed at 69 Fed. Reg. 48338 (Aug. 9, 2004) and finalized at 70 Fed. Reg. 19992 (Apr. 15, 2005).

2. The allegations set forth in Paragraph 2 constitute Plaintiffs' characterization of this action, to which no response is required.

## JURISDICTION AND VENUE

3. The allegations set forth in the first sentence of Paragraph 3 constitute Plaintiffs' characterization of this action, to which no response is required. The remaining allegations set forth in Paragraph 3 constitute conclusions of law, to which no response is required.

4. Regarding the allegations in Paragraph 4, EPA admits that Plaintiffs provided EPA with written notice of intent to sue by letter with regard to the allegations in the Complaint and that more than 60 days have elapsed since Plaintiffs gave such notice.

5. The allegations set forth in Paragraph 5 constitute conclusions of law, to which no response is required. To the extent a response is required, EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

## PARTIES

6. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6 and therefore denies the allegations.

7. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 and therefore denies the allegations.

8. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 and therefore denies the allegations.

9. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9 and therefore denies the allegations.

10. EPA admits that Andrew R. Wheeler is the Administrator of EPA. The allegations set forth in the second sentence of Paragraph 10 constitute Plaintiffs' characterization of the EPA Administrator's duties under the Clean Air Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations.

## LEGAL FRAMEWORK

11. The allegations set forth in Paragraph 11 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations.

12. The allegations set forth in Paragraph 12 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations.

13. The allegations set forth in Paragraph 13 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations.

14. The allegations set forth in Paragraph 14 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations.

15. The allegations set forth in Paragraph 15 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations.

16. The allegations set forth in Paragraph 16 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations.

17. The allegations set forth in Paragraph 17 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations.

18. The allegations set forth in Paragraph 18 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations.

19. The allegations set forth in Paragraph 19 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations.

20. The allegations set forth in Paragraph 20 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations.

21. The allegations set forth in Paragraph 21 characterize EPA's 1999 Residual Risk Report to Congress, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations. Additionally, Paragraph 21 contains legal conclusions to which no response is required.

22. The allegations set forth in Paragraph 22 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations.

23. The allegations set forth in Paragraph 23 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations.

## FACTS

24. With regard to Paragraph 24, EPA denies that coal is heated in the coke process to remove impurities. EPA admits that coal is heated in the coke process to remove volatile organic compounds to concentrate the carbon so that the resulting coke can be used as solid fuel. The allegations set forth in the second sentence of Paragraph 24 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations. EPA admits the remaining factual allegations in Paragraph 24.

25. EPA denies that coke ovens that are co-located in a series make up a battery. EPA admits contiguous coke ovens make up a battery. EPA admits the remaining factual allegations in Paragraph 25.

26. EPA denies that quench towers are necessarily always located at the end of the battery. EPA admits that quench towers are located near the end of the battery. Further, EPA denies that quench towers are contiguous with the battery. EPA also denies the characterization that the coke is "deluged" with water at the quench tower. EPA admits that the quench tower sprays water onto the coke.

27. Admitted.

28. The allegations set forth in the first sentence of Paragraph 28 characterize the Clean Air Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Act, EPA denies the allegations. EPA admits the factual allegation set forth in Paragraph 28.

29. The allegations in Paragraph 29 cite unspecified EPA documents. Those documents speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with EPA statements or findings, EPA denies the allegations.

30. The allegations in the first sentence of Paragraph 30 characterize an EPA "classification" which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with such classification, EPA denies the allegations. The allegations in the second sentence of Paragraph 30 characterize unspecified studies, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with those studies, EPA denies the allegations. The third sentence of Paragraph 30 characterizes *Natural Res. Def. Council* v. EPA, 824 F.2d 1211, 1215 (D.C. Cir. 1987) and S. Rep. No. 101-228, which speak for themselves and are the best evidence of their contents.

31. The allegations set forth in the first sentence of Paragraph 31 characterize EPA's risk assessment, which speaks for itself and is the best evidence of its contents. The allegations set forth in the second sentence of Paragraph 31 characterize 70 Fed. Reg. 19,992 (Apr. 15, 2005), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the case law and legislative history, EPA denies the allegations.

32. The allegations in Paragraph 32 appear to characterize unspecified studies of the effects of coke oven emissions, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with those studies, EPA denies the allegations.

33. The allegations in Paragraph 33 appear to characterize unspecified studies of the persistence and bioaccumulation of coke oven emissions, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with those studies, EPA denies the allegations.

34. The allegations set forth in Paragraph 34 characterize EPA's, the National Institute of Health's, and the World Health Organization's documents, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with those documents, EPA denies the allegations.

35.     The allegations set forth in Paragraph 35 characterize EPA documents and federal regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the documents and regulations, EPA denies the allegations.

36.     The allegations set forth in Paragraph 36 characterize Clean Air Act regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with those regulations, EPA denies the allegations.

37.     The allegations set forth in Paragraph 37 characterize unspecified EPA documents and the Clean Air Act, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with those documents and the Act, EPA denies the allegations.

38.     <u>Coke Oven Batteries</u>

a.      EPA denies the factual allegations in this Paragraph. EPA avers that it promulgated National Emission Standards for Hazardous Air Pollutants for Coke Oven Batteries in 1993 and amended the rule in 1994. *See* 58 Fed. Reg. 57898 (Oct. 27, 1993); 59 Fed. Reg. 1992 (Jan. 13, 1994). EPA further avers that the 2005 action Plaintiffs reference in their Complaint is the risk and technology review under 42 U.S.C. §§ 7412(d)(6) and 7412(f)(2), as well as amendments to the promulgated standard.

b.      This paragraph contains legal conclusions to which no response is required.

c.      Admitted.

d.      This paragraph contains legal conclusions to which no response is required.

e.      This paragraph contains legal conclusions to which no response is required.

f.      Admitted.

g.      Admitted.

39.     <u>Coke Ovens: Pushing, Quenching, and Battery Stacks</u>

a.      EPA admits the first sentence. In the second sentence, EPA admits the standards were challenged and denies the characterization remaining in this sentence. 70 Fed. Reg. 44285 speaks for itself and is the best evidence of its contents.

  b.  This paragraph contains legal conclusions to which no response is required.

  c.  Admitted.

  d.  This paragraph contains legal conclusions to which no response is required.

  e.  This paragraph contains legal conclusions to which no response is required.

  f.  Admitted.

  g.  This paragraph contains legal conclusions to which no response is required.

  h.  Admitted.

  i.  This paragraph contains legal conclusions to which no response is required.

## ALLEGATIONS OF INJURY

40. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 40 and therefore denies the allegations. Paragraph 40 also contains legal conclusions to which no response is required.

41. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 41 and therefore denies the allegations.

42. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 42 and therefore denies the allegations.

43. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 43 and therefore denies the allegations. Paragraph 43 also contains legal conclusions to which no response is required.

44. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 44 and therefore denies the allegations. Paragraph 44 also contains legal conclusions to which no response is required.

45. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 45 and therefore denies the allegations. Additionally, Paragraph 45 contains legal conclusions to which no response is required.

46. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 46 and therefore denies the allegations. Additionally, Paragraph 46 contains legal conclusions to which no response is required.

1  47.  EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 47 and therefore denies the allegations. Additionally, Paragraph 47 contains legal conclusions to which no response is required.

48.  EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 48 and therefore denies the allegations. Additionally, Paragraph 48 contains legal conclusions to which no response is required.

## CLAIMS FOR RELIEF

49.  EPA restates and incorporates by reference its responses to Paragraphs 1-48 above.

<u>Violations of § 7412(d)(6) of the Clean Air Act</u>

50.  Paragraph 50 contains legal conclusions to which no response is required.

51.  Paragraph 51 contains legal conclusions to which no response is required.

<u>Violations of § 7412(f)(2) of the Clean Air Act</u>

52.  Paragraph 52 contains legal conclusions to which no response is required.

53.  Paragraph 53 contains legal conclusions to which no response is required.

## PRAYER FOR RELIEF

The remaining paragraphs of Plaintiffs' complaint consist of Plaintiffs' request for relief, which does not require a response.

## GENERAL DENIAL

EPA denies each and every allegation of the complaint not specifically admitted in its responses to the Complaint's specific Paragraphs, set forth above. To the extent that any allegations of fact in the Complaint remain unanswered, EPA denies such allegations.

## DEFENSES

1. Plaintiffs lack standing as to some or all of the claims.
2. Plaintiffs failed to state a claim on some or all their allegations.
3. This court lacks subject matter jurisdiction to hear one or all of Plaintiffs' allegations.

Date: June 14, 2019

                                /s/ Sydney A. Menees
SYDNEY A. MENEES (D.C. Bar No. 1027544)
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C. 20004
sydney.menees@usdoj.gov
Telephone (202) 514-2398

*Attorney for Defendant*

Of counsel:

Emily Seidman
Office of General Counsel
U.S. Environmental Protection Agency