UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS FOR PENNSYLVANIA'S FUTURE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MICHAEL S. REGAN,<br><br>        Defendant. | Case No. 19-cv-02004-VC<br><br>**ORDER GRANTING MOTION TO AMEND THE JUDGMENT**<br><br>Re: Dkt. No. 71 |

    The motion to amend the judgment is reluctantly granted. EPA has until May 23, 2024, to complete its mandatory duties in this case: a technology review for Subpart L and both technology and risk reviews for Subpart CCCCC.[1]

    The original deadline is now only weeks away, and EPA, the plaintiffs, and the industry representatives all agree that it cannot be met. Out of an abundance of caution, the Court grants EPA the longer of the proposed extensions. EPA now has plenty of time to collect and interpret the additional data it says is necessary to properly and defensibly meet its obligations under the statute and the *LEAN* decision. *Louisiana Environmental Action Network v. EPA*, 955 F.3d 1088 (D.C. Cir. 2020).

    The Court will not grant any further extensions. EPA is very, very late on congressionally mandated duties, and it does not seem to have been diligent since the original judgment was entered or since its original motion for more time. And to be clear, this additional time is *not* granted because of EPA's desire to fold its compliance with the mandatory duties at issue in this

---

[1] This order assumes the reader is familiar with the case.

case into a more comprehensive discretionary rulemaking. The Court cannot stop EPA from embarking on that path, but the Court is concerned that if it does so, it will greatly increase the risk of missing the new deadline. EPA should therefore give serious thought to how it will ensure compliance with this order, knowing that no further extensions will be granted. In particular, if timely completion of the more ambitious rulemaking turns out to be impossible—as the industry groups plausibly suggest—EPA must still complete its mandatory duties. How to achieve this is up to EPA. It might consider engaging in two parallel rulemakings, or otherwise structuring the rulemaking to permit unbundling down the road. The Court has not gamed out the practical or administrative law issues that might arise, but EPA should make sure to do so—because if the final deadline is not met, the Court will promptly issue an order to show cause why EPA should not be held in contempt, and an in-person hearing will be scheduled at which the EPA Administrator will be required to testify. And it is difficult to imagine how a contempt finding would not follow. Counsel for EPA is ordered to provide a copy of this order directly to EPA's General Counsel and to the Administrator's Chief of Staff, and must file a declaration within 14 days of this order certifying that they have done so.

**IT IS SO ORDERED.**

Dated: November 22, 2022

VINCE CHHABRIA
United States District Judge